No. 17- 35105
_____

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
_____

STATE OF WASHINGTON, et al.,
*Plaintiffs-Appellees*,

v.

Donald J. TRUMP, et al.
*Defendants-Appellants*.

_____

On Appeal from the U.S. District Court for the Western District of Washington
No. 2:17-cv-00141
Honorable James L. Robart, U.S. District Court Judge

_____

## PROPOSED PLAINTIFFS-INTERVENORS' MOTION FOR LEAVE TO INTERVENE

Matt Adams
Glenda Aldana Madrid
Maria Lucia Chavez
Northwest Immigrant Rights Project
615 Second Ave., Ste. 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)

Mary Kenney
Aaron Reichlin-Melnick
Melissa Crow
American Immigration Council
1331 G Street, NW, Suite 200
Washington, D.C. 20005
(202) 507-7512
(202) 742-5619 (fax)

Trina Realmuto
Kristin Macleod-Ball
National Immigration Project of the
 National Lawyers Guild
14 Beacon Street, Suite 602
Boston, MA 02108
(617) 227-9727
(617) 227-5495 (fax)

*Attorneys for Proposed Plaintiffs-Intervenors*

i

## TABLE OF CONTENTS

MOTION FOR INTERVENTION UNDER RULE 24 ............................................ 1

STATEMENT OF THE CASE ................................................................ 1

   I.  THE ALI PLAINTIFFS ARE ENTITLED TO INTERVENE AS OF RIGHT

   PURSUANT TO RULE 24(a)(2). ...................................................... 7

     A. The Ali Plaintiffs' Motion Is Timely. ......................................... 7

     B. The Ali Plaintiffs Have A Significant Protectable Interest In The Outcome

     Of This Appeal. .............................................................. 10

     C.   The Disposition Of This Action May Impair the Ability of the Ali

     Plaintiffs and Proposed Class Members To Protect Their Interests in Lawful

     Immigrant Visa Processing. .................................................... 12

     D.   The Interests of the Ali Plaintiffs and Proposed Class Members Cannot

     Be Adequately Represented. .................................................. 14

   II.  PERMISSIVE INTERVENTION IS ALSO APPROPRIATE. .................... 18

CONCLUSION .......................................................................... 20

CERTIFICATE OF SERVICE ............................................................ 21

## MOTION FOR INTERVENTION UNDER RULE 24

Plaintiffs, two U.S. citizen parents, one lawful permanent resident and each of their children, who collectively represent immigrant visa petitioners and beneficiaries/applicants, respectfully request that this Court grant leave to intervene in the instant appeal. Plaintiffs ask this Court to grant leave to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure or, in the alternative, to grant them permissive intervention under Rule 24(b).

On February 10, 2017, undersigned counsel for Plaintiffs contacted counsel for both parties. Counsel for the States of Washington and Minnesota indicated that the States take no position on this motion. Counsel for the federal government indicated their clients oppose Plaintiffs' request for intervention.

## STATEMENT OF THE CASE

On January 27, 2017, President Donald Trump issued Executive Order 13769 (EO), entitled "Protecting the Nation from Foreign Terrorist Entry Into the United States." *See* 82 Fed. Reg. 8977 (Feb. 1, 2017). Section 3 of the EO suspends entry into the United States of citizens or nationals of Iran, Iraq, Libya, Somalia, Sudan, Syria, and Yemen—all predominantly Muslim countries—for a minimum of 90 days, allegedly for national security reasons. *Id.* at 8978. On January 30, 2017, three petitioner parents—two U.S. citizens and one lawful

1

permanent resident—and their three beneficiary children—all of whom had pending or approved immigrant visa applications—filed a class action in the District Court for the Western District of Washington, challenging Section 3 of the EO. *See* Complaint—Class Action for Declaratory and Injunctive Relief, *Ali v. Trump*, No. 2:17-cv-00135, Dkt. 1 (W.D. Wash.). They brought the case on behalf of themselves and similarly situated immigrant visa petitioners and beneficiaries and alleged that Section 3 of the EO violates § 202(a)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1152(a)(1), the Administrative Procedure Act (APA), as well as the Due Process Clause of the Fifth Amendment and the guarantee of equal protection pursuant to the Due Process Clause, and warrants mandamus relief. *Id*. The case is assigned to District Court Judge James L. Robart.

Later that same day, the State of Washington filed a complaint and motion for a temporary restraining order (TRO) in this case, also in the Western District of Washington. *See State of Washington v. Trump,* No. 2:17-cv-00141, Dkts. 1, 3 (W.D. Wash.). The case also is assigned to Judge Robart. The State of Washington challenged Section 3(c) of the EO, along with several other provisions, and also alleged violations of the INA, APA, Due Process Clause and its guarantee of equal protection, as well as other constitutional and statutory claims. *Id*.

On February 1, the State of Washington filed a supplementary brief on standing outlining the harm caused to the State by the EO, and the State of

Minnesota joined the case and filed, with Washington, both an amended complaint containing the original claims and an amended TRO motion. *See State of Washington*, No. 2:17-cv-00141, Dkts. 17, 18, 19.

On February 2, 2017, the *Ali* Plaintiffs filed a motion seeking certification of a nationwide class of all nationals of countries designated by Section 3(c) of the EO who have applied for or will apply for immigrant visas and the visa petitioners for those nationals, whose visa applications have been or will be suspended or denied, whose immigrant visas have been or will be revoked, or who have been or will be denied the ability to travel to the United States, on the basis of the EO. *See* Motion for Class Certification, *Ali*, No. 2:17-cv-00135, Dkt. 3.

Also on February 2, Defendants filed their opposition to the States' motion for a TRO. *Id*., Dkt. 50. On February 3, the district court held a hearing and enjoined the provisions of the EO challenged by the States, including Section 3(c). *Id.* Dkt. 52. On February 4, the federal Defendants filed an emergency motion for an immediate stay of the district court's order and a motion for a stay pending appeal, arguing, inter alia, that the States lacked standing and had not demonstrated that they would face irreparable harm. ECF 14. On the same day, this Court denied the request for an immediate stay. ECF 15.

On February 6, 2017, the *Ali* Plaintiffs filed a motion for a preliminary injunction and requested that, should this Court, in *State of Washington*, dissolve

3

the TRO enjoining application of Section 3(c) of the EO on a procedural basis that does not reach the merits of the claims, the Court convert the preliminary injunction motion into a motion for a TRO. Exh. A (Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, *Ali*, No. 2:17-cv-00135, Dkt. 9). The *Ali* Plaintiffs argued that they had standing and would experience irreparable harm absent preliminary relief, on grounds different than those asserted by the States in this case. *Id*. In support of their motion, they included fifteen declarations from *Ali* Plaintiffs, potential class members, and attorneys representing potential class members, detailing the physical, psychological, and financial harm they faced absent injunctive relief enjoining Section 3 of the EO. Exh. B (Declarations and Exhibits in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, *Ali*, No. 2:17-cv-00135, Dkts. 11-25).

On February 7, the district court presiding over *State of Washington* set an expedited briefing schedule for the Plaintiffs' motion for a preliminary injunction. *State of Washington*, No. 2:17-cv-00141, Dkt. 57. That same day, this Court telephonically held oral argument on Defendants-Appellants' motion for a stay. ECF 125.

On February 9, this Court denied the emergency stay motion, holding that the federal Defendants had failed to show that they were likely to prevail on the

4

merits or that they faced irreparable harm absent a stay. ECF 134. Additionally, the Court found that the TRO "possesses the qualities of an appealable preliminary injunction," and set a briefing schedule for the merits of Defendants' appeal of the TRO. *Id*. at 7; ECF 135. Thereafter, the *Ali* Plaintiffs moved the district court to renote and amend the briefing schedule for the TRO and preliminary injunction motion filed in that case to coincide with the schedule set by the district court in *State of Washington*. Plaintiffs' Motion to Renote and Modify the Briefing Schedule on Their Motion for Temporary Restraining Order and Preliminary Injunction, *Ali*, No. 2:17-cv-00135, Dkt. 31.

On February 10, the Court announced that "[a] judge on this Court has made a sua sponte request that a vote be taken as to whether the order issued by the three-judge motions panel on February 9, 2017, should be reconsidered en banc" and ordered the parties to brief whether reconsideration en banc is appropriate by February 16, 2017. ECF 139.

## ARGUMENT

The *Ali* Plaintiffs and the class members they seek to represent move to intervene as this Court will likely dispose of their claims in its consideration of the instant case, in a way that may impair or impede *Ali* Plaintiffs and class members' interests. *See generally* Fed. R. Civ. P. 24. Both *Ali* and *State of Washington* were filed the same day in the Western District of Washington, challenge the same

5

Executive Order, and were assigned to the same judge. Both cases have motions for preliminary injunctive relief pending before the district court. While the claims presented by the States encompass the claims presented by the movants, the *Ali* Plaintiffs and the class members they seek to represent bring an alternative, and critical, perspective with respect to such matters as Plaintiffs' standing, the irreparable harm Plaintiffs are able to demonstrate in seeking preliminary injunctive relief, and the zone of interests affected by the statutory claims that are now before this Court.

Rule 24 of the Federal Rules of Civil Procedure governs an intervention on appeal. *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997). In determining whether intervention is appropriate, this Court "follow[s] 'practical and equitable considerations' and construe[s] the Rule 'broadly in favor of proposed intervenors,' . . . because a liberal intervention policy 'serves both efficient resolution of issues and broadened access to the courts.'" *Wilderness Soc'y v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2010) (citations omitted).

The *Ali* Plaintiffs and the class members they seek to represent satisfy the requirements for an intervention as of right under Rule 24(a)(2). In the alternative, they also satisfy the requirements for permissive intervention under Rule 24(b)(1), (3).

6

## I.    THE *ALI* PLAINTIFFS ARE ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO RULE 24(a)(2).

The Ninth Circuit applies a four-part rule to determine whether a party may intervene as of right under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*United States of America v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (citations omitted). The *Ali* Plaintiffs satisfy each requirement. They filed this motion within 48 hours of learning that the Ninth Circuit would treat the States' motion as one for a preliminary injunction; a central issue in the appeal is the legality of Section 3 of the EO, which has harmed all named Plaintiffs and untold thousands of proposed class members and has the potential to cause further irreparable harm if not enjoined; and the distinct interests of Plaintiffs and proposed class members would otherwise not be adequately represented. *See* Exh. B.

### A.    The *Ali* Plaintiffs' Motion Is Timely.

Courts weigh three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."

7

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citation omitted). The *Ali* Plaintiffs' motion to intervene is timely under all three factors.

First, and most significantly, there has been *no delay* by the *Ali* Plaintiffs. They are filing this motion at the first point in the litigation at which it was reasonable to do so. It comes within 48 hours of this Court's February 9, 2017 order rejecting the federal Defendants' request for a stay of the temporary restraining order, finding that the district court's order "possesses the qualities of an appealable preliminary injunction," and setting a briefing schedule for the appeal of this order. ECF 134, 135. Soon after this Court ruled, the States informed the district court that, unless notified otherwise, they would not file their motion for a preliminary injunction later that day as previously scheduled. *State of Washington*, No. 2:17-cv-00141, Dkt. 70. Until this point, the *Ali* Plaintiffs' intent had been to seek to amend the briefing schedule on their own preliminary injunction motion, which was already pending before the district court along with their motion for class certification, so that the district court could hear and decide the motions in the two cases concurrently. *See* Plaintiffs' Motion to Renote and Modify the Briefing Schedule on Their Motion for Temporary Restraining Order and Preliminary Injunction, *Ali*, No. 2:17-cv-00135, Dkt. 31.

8

Given the turn of events on February 9, moving to have the two motions proceed simultaneously before the district court was no longer the most prudent option for the *Ali* Plaintiffs. Instead, the present motion to intervene became necessary; they sought to intervene at the stage of the lawsuit in which their interests were implicated—when the possibility of proceeding concurrently on a parallel track with the States' case in district court was no longer feasible. *See United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (indicating that a "change of circumstances, which suggests that the litigation is entering a new stage" can be a factor that "militate[s] in favor" of intervention); *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) ("Prior cases suggest that a party's interest in a specific phase of a proceeding may support intervention at that particular stage of the lawsuit."). For this reason, the fact that this motion is filed during an appeal does not render it untimely, particularly given the extraordinary nature of the proceedings in this case and the expedited basis on which this Court is hearing the appeal.

Finally, there is no prejudice to either party. The States take no position on intervention. While Defendants oppose the motion, they will not be prejudiced by having to litigate new or additional claims, because the four claims raised in *Ali* are encompassed within the claims raised by the States in this case. Finally, this motion is made within 48 hours of this Court setting the briefing schedule, and

9

three weeks in advance of the federal Defendants' next scheduled brief. Moreover, the *Ali* Plaintiffs already have filed their motion for preliminary injunctive relief. Exh. A. As such, the federal Defendants have ample time to address the arguments raised in Plaintiffs' motions for class certification and for preliminary injunction, filed on February 2 and 6, respectively.

**B.    The *Ali* Plaintiffs Have A Significant Protectable Interest In The Outcome Of This Appeal.**

An applicant for intervention must have a "significantly protectable interest," meaning that "(1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *State ex. rel. Lockyer v. U.S.*, 450 F.3d 436, 440-41 (9th Cir. 2006) (citation and internal quotation marks omitted). The central concern is whether the intervenors "will suffer a practical impairment of [their] interests as a result of the pending litigation." *Id.* at 441 (rejecting as not determinative such "technical distinctions" as whether the proposed intervenor has an enforceable right).

The *Ali* Plaintiffs seek to intervene to protect their own and class members' rights under the U.S. Constitution and the INA. In particular, as set forth in their Complaint and their Motion for a TRO and Preliminary Injunction, they seek non-discriminatory and constitutional application of the immigration laws. *See* Complaint—Class Action for Declaratory and Injunctive Relief, *Ali*, No. 2:17-cv-

10

00135, Dkt. 1; Exh. A. All of the *Ali* Plaintiffs and an untold number of proposed class members already have suffered grievous harm from the implementation of the EO, and will suffer irreparable harm if the EO is not enjoined. *See id*.; Exh. B.

The *Ali* Plaintiffs have an interest in ensuring that their interests are fully presented with respect to any future determination made by this Court establishing precedent that could impair their pending motion for a preliminary injunction. Hours before the State of Washington filed this suit, the *Ali* Plaintiffs filed their lawsuit. Like the State of Washington, the *Ali* Plaintiffs argued that Section 3 of the EO violated the equal protection and due process components of the Due Process Clause, the INA, and the APA. Within days of filing their complaint, and prior to the district court's TRO in *State of Washington*, the *Ali* Plaintiffs moved to certify a class. Thus, they have a responsibility to represent an untold number— although reasonably estimated to be in the tens of thousands—of purported class members. *See* Fed. R. Civ. P. 23(g)(2)(A) advisory comm. nn. (Am. 2003)("[A]ttorney who acts on behalf of the class before certification must act in the best interests of the class as a whole."); *Staton v. Boeing Co.*, 327 F. 3d 938, 960 (9th Cir. 2003) ("[C]lass attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed." (quoting *In re GMC Pick–Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 801 (3d Cir. 1995)). Moreover, the *Ali* Plaintiffs also moved for a preliminary injunction on

11

February 6, 2017. Exhs. A and B. Any decision by this Court could have a binding effect on their pending motion for preliminary injunctive relief.

The congruence of the claims in the two lawsuits demonstrates the strong relationship between the interests of the *Ali* Plaintiffs and the States' claims, and favors intervention. *See*, *e.g.*, *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 986-87 (9th Cir. 2008) (holding intervention proper where "an issue [the intervenor] raised in one proceeding …. lands in another proceeding for disposition"); *United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988) (granting intervention where "an appellate ruling will have a persuasive stare decisis effect in any parallel or subsequent litigation"). Because this suit may directly determine the merits of the *Ali* Plaintiffs' motion for a preliminary injunction, they have a significant protectable interest in the outcome of this case.

## C. The Disposition Of This Action May Impair the Ability of the *Ali* Plaintiffs and Proposed Class Members To Protect Their Interests in Lawful Immigrant Visa Processing.

The *Ali* Plaintiffs and proposed class members are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). Here, the advisory committee notes to Rule 24(a) are instructive: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a

general rule, be entitled to intervene." Fed. R. Civ. P. 24 advisory comm. nn.  (Am. 1966).

There is no doubt that the relief federal Defendants seek in this case—rejecting the preliminary injunctive relief barring the suspension of entries and immigrant visa processing for nationals of the seven countries—will directly impair the lives of the *Ali* Plaintiffs and all proposed class members, disrupting ongoing and expensive immigrant visa processing, suspending entries to the United States, and potentially resulting in indefinite separation of family members and undermining the stability of U.S. employers. If this Court reverses the district court's order granting injunctive relief, it will immediately re-subject the *Ali* Plaintiffs and proposed class members to the irreparable harms inflicted by Section 3(c) of the EO. Moreover, whatever opinion this Court issues as to the merits of the claims presented likely will control the resolution of any future motions for relief. At that point, the *Ali* Plaintiffs and proposed class may very well have little if any recourse.

The *Ali* Plaintiffs cannot wait until the conclusion of the *State of Washington* litigation to vindicate their interests and the interests of the proposed class. Courts have recognized that parties seeking intervention would face a "practical impairment" in asserting their rights once a court has rendered a decision. *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986), *vacated on other grounds*

13

*sub nom. Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987)

("The prospect of stare decisis may, under certain circumstances, supply the

requisite practical impairment warranting intervention as of right."); *Oregon*, 839

F.2d at 638 ("We have said that such a *stare decisis* effect is an important

consideration in determining the extent to which an applicant's interest may

be impaired."); *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989)

("Where a party seeking to intervene in an action claims an interest in the very

property and very transaction that is the subject of the main action, the

potential *stare decisis* effect may supply that practical disadvantage which

warrants intervention as of right."). Because this Court's decision may well set

precedent that will be binding on the merits of the *Ali* Plaintiffs' pending motion

for preliminary injunctive relief, which requests that Judge Robart in the Western

District of Washington declare Section 3(c) unlawful and enjoin its application, the

*Ali* Plaintiffs and proposed class members need to press their claims in this Court

and in this appeal.

**D.    The Interests of the *Ali* Plaintiffs and Proposed Class Members Cannot
Be Adequately Represented.**

The burden under this prong is "satisfied if [the Proposed Plaintiffs-

Intervenors] show[] that representation of [their] interest 'may be' inadequate; and

the burden of making that showing should be treated as minimal." *Trbovich v.*

*United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (*citing* 3B J. Moore,

14

Federal Practice 24.09 (1969)). In conducting this inquiry, courts examine: "'(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.'" *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (*quoting Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir.2003)). The *Ali* Plaintiffs and proposed class members meet each factor.

First, the *Ali* Plaintiffs, who are themselves petitioners and beneficiaries in the immigrant visa process and represent a putative class of similarly situated individuals, are uniquely placed to raise the statutory argument that Section 3 of the EO conflicts with Congress' prohibition against discrimination as to the "issuance of immigrant visas." 8 U.S.C. § 1152(a)(1)(A) ("Except as specifically provided in paragraph (2) and in sections 1101(a)(27), 1151(b)(2)(A)(i), and 1153 of this title, no person shall receive any preference or priority or be discriminated against in the issuance of an immigrant visa because of the person's race, sex, nationality, place of birth, or place of residence."). Notably, this Court did not address the statutory claims under the Immigration and Nationality Act in its order denying the federal Defendants' request to stay the district court's order in *State of Washington v. Trump*. In addition, as individuals who suffered physically,

15

psychologically, and financially because of the EO, the arguments of the *Ali* Plaintiffs and proposed class members regarding irreparable harm are different from the arguments about harm put forward by the States. The *Ali* Plaintiffs are uniquely situated to present the harm suffered by individual immigrant visa petitioners, both family members and employers, who are facing indefinite separation from children, spouses, parents, siblings, and employees.

Courts have recognized that governmental representation of private, non-governmental intervenors may be inadequate. For example, in *Dimond v. District of Columbia*, the D.C. Circuit held that because the government was responsible for representing a broad range of public interests rather than the more narrow interests of intervenors, the "application for intervention . . . falls squarely within the relatively large class of cases in this circuit recognizing the inadequacy of governmental representation of the interests of private parties in certain circumstances." 792 F.2d 179, 192 (D.C. Cir. 1986); *see also Natural Res. Def. Council v. Costle*, 561 F.2d 904, 911-12 (D.C. Cir. 1977) (holding that the government does not adequately represent private organizations because intervenors' interests are different and more focused).

Second, the States, as government entities—as opposed to petitioners for and recipients of immigrant visas—do not and cannot present the same standing and irreparable injury arguments as the *Ali* Plaintiffs. The States have undoubtedly

16

suffered harm to their proprietary interests, i.e., injury to their public universities. ECF 134 at 12 ("We therefore conclude that the States have alleged harms to their proprietary interests traceable to the Executive Order"). The *Ali* Plaintiffs and proposed class members, however, have suffered harm to their personal interests, namely their constitutionally protected interests in family life, marriage, and child-rearing. In addition, members of the proposed class in *Ali* include U.S.-based corporations, private academic and other institutions, all of which have suffered financial and other harms caused by the EO. Exh. A at 19-20; Exh. B at 55-51, Siskind Decl., ¶¶10-12; at 63-65, Updahye Decl., ¶8.

Finally, the *Ali* Plaintiffs may offer "necessary elements to the proceeding" the States and the federal government might not present. If the States' standing is called into question with respect to any of the claims, the *Ali* Plaintiffs may be critical to the Court's retaining Article III jurisdiction over that claim. In addition, the *Ali* Plaintiffs and proposed class members are ideally situated to represent the harm and human suffering caused by the EO. Finally, counsel for the *Ali* Plaintiffs and proposed class members are established immigrant rights organizations; they are intimately familiar with immigration law, including visa processing, the national security-related provisions of the INA, the security checks conducted by the U.S. government in conjunction with visa processing, and, furthermore, with the impact that the EO already has had on the lives of U.S. citizen and lawful

17

permanent resident petitioners and their beneficiaries. *Accord INS v. National Center for Immigrants' Rights, Inc.,* 502 U.S. 183, 195 (1991) (noting the "complex regime of immigration law"); *Ardestani v. INS,* 502 U.S. 129, 138 (1991) (referring to "the complexity of immigration procedures and the enormity of the interests at stake").

* * * * *

In sum, the interests of the *Ali* Plaintiffs and proposed class members are too vital and too distinct from the interests of the States for them to be denied an active role as intervenors. For these reasons, the *Ali* Plaintiffs respectfully request that the Court grant them intervention as a matter of right.

## II.    PERMISSIVE INTERVENTION IS ALSO APPROPRIATE.

Even if the Court finds that the *Ali* Plaintiffs and the proposed class are not entitled to intervene as of right, they should nonetheless be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b). This Court may allow "'permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Northwest Forest Res. Council v. Glickman*, 82 F.3d

825, 839 (9th Cir. 1996)). In considering whether to grant permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As a threshold matter, the *Ali* Plaintiffs' motion to intervene is timely. *See supra* Section I.A. Second, the *Ali* Plaintiffs' claims share substantial questions of law and fact with the case now before this Court, as the States similarly seek to enjoin the EO as unlawful and unconstitutional. Third, as discussed above, intervention will not create delay or prejudice the existing parties. *See id*. Adding the *Ali* Plaintiffs as plaintiffs-intervenors at this juncture of the lawsuit will not needlessly increase cost, delay disposition of the litigation, or prejudice the existing parties. The *Ali* Plaintiffs already have presented their arguments in their motion for preliminary injunctive relief, and the federal Defendants thus have ample time to prepare any additional arguments that may be necessary. Importantly, the participation of the *Ali* Plaintiffs in this lawsuit will offer evidence and argument from a proposed class of immigrant visa petitioners and beneficiaries who are the direct targets of the EO and who have a direct and personal stake in the outcome of this case. Thus, at a minimum, on behalf of themselves and the proposed class, the *Ali* Plaintiffs ask the Court to exercise its broad discretion and grant them permissive intervention.

## CONCLUSION

For the foregoing reasons, the Proposed Plaintiffs-Intervenors respectfully request that the Court grant their motion to intervene in this action as Plaintiffs on behalf of themselves and the putative class they seek to represent.

Dated: February 11, 2015          Respectfully submitted,

s/*Matt Adams*                        Trina Realmuto
Matt Adams                           Kristin Macleod-Ball
Glenda Aldana Madrid                 National Immigration Project of the
Maria Lucia Chavez                    National Lawyers Guild
Northwest Immigrant Rights Project   14 Beacon Street, Suite 602
615 Second Ave., Ste. 400            Boston, MA 02108
Seattle, WA 98104                    (617) 227-9727
(206) 957-8611                       (617) 227-5495 (fax)
(206) 587-4025 (fax)

Mary Kenney
Aaron Reichlin-Melnick
Melissa Crow
American Immigration Council
1331 G Street, NW, Suite 200
Washington, D.C. 20005
(202) 507-7512
(202) 742-5619 (fax)

*Attorneys for Proposed Intervenors*

20

## CERTIFICATE OF SERVICE

U.S. Court of Appeals Docket No. 17-35105

I, Matt Adams, hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 11, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Matt Adams
_____
Matt Adams

Date: February 11, 2017

21