NO.17-35105

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STATE OF WASHINGTON and
STATE OF MINNESOTA,

        *Plaintiffs-Appellees*,

v.

DONALD J. TRUMP, President of the
United States, et al.,

        *Defendants-Appellants*.

RESPONSE TO
DEFENDANTS-APPELLANTS'
REQUEST TO HOLD CASE IN
ABEYANCE

## INTRODUCTION

Although Defendants contend that this case presents urgent national security issues, they now request indefinite delay of the Ninth Circuit proceedings. There is no justification for delay of the briefing schedule. Contrary to representations made to this Court on February 16, 2017, President Trump and the White House Press Secretary have repeatedly stated that they intend to pursue this appeal and defend the Executive Order—not repeal it.

The motion to hold the proceedings in abeyance should be denied, just as the Defendants' requests for delay were denied by the District Court.

## PROCEDURAL HISTORY

On January 27, President Trump signed Executive Order No. 13679, which radically changed immigration policy and unleashed chaos around the world. On

1

January 30, Washington filed a motion for a temporary restraining order (TRO). ECF 3.[1] Minnesota soon joined, alleging similar harms. *See* ECF 18. On February 3, the District Court entered a TRO barring enforcement of several sections of the Executive Order. ECF 52.

The next day, Defendants filed an emergency motion in this Court for an administrative stay and a motion for stay pending appeal. 9th ECF 14. A three judge panel of this Court denied Defendants' request for an immediate administrative stay. 9th ECF 15. Two days later, the panel issued a per curiam order denying the motion, *Washington v. Trump*, No. 17-35105, 2017 WL 526497 (9th Cir. Feb. 9, 2017). In doing so, it characterized the District Court's February 3 order as an order "possess[ing] the qualities of an appealable preliminary injunction." *Id.* at *3. The panel also set an expedited briefing schedule for the appeal. 9th ECF 135. On February 10, following a *sua sponte* request that an en banc vote be taken, the Chief Judge of this Court ordered the parties to submit simultaneous briefs on whether the Order Denying Stay should be reconsidered en banc. 9th ECF 139.

Following the panel's ruling on the emergency stay motion, the Defendants asked the District Court to postpone any further proceedings pending action from

---

[1] All ECF citations are to the District Court docket, No. 2:17-cv-00141-JLR (W.D. Wash.), unless otherwise indicated.

the Ninth Circuit. ECF 76. The District Court concluded that there was no basis to postpone the litigation and issued an initial scheduling order. ECF 78, 87.

On February 16, the parties filed briefing in this Court regarding rehearing en banc. 9th ECF 153, 154. Defendants asserted that "the President intends in the near future to rescind the [Executive] Order and replace it with a new, substantially revised Executive Order . . . ." 9th ECF 154, at 4. They argued that "the most appropriate course would be for the Court to hold its consideration of the case until the President issues the new Order[.]" 9th ECF 154, at 4. Relying on Defendants' representations, this Court entered an order staying en banc proceedings. 9th ECF 161.

On February 24, Defendants filed a motion to hold proceedings on appeal in abeyance. 9th ECF 178. Defendants' opening brief on the appeal of the District Court's February 3 Order is currently due on March 3. 9th ECF 178. The President has not rescinded the Executive Order and has not issued a new Executive Order.

## ARGUMENT

Given the President's stated intention to pursue the appeal of the preliminary injunction, there is no justification for the extraordinary request that proceedings be "held in abeyance."[2]

---

[2] Defendants do not cite any court rules or other authority to support their request that proceedings be indeterminately stayed.

3

Throughout these proceedings, there appears to have been a lack of communication between the Department of Justice and the White House. On February 16, Defendants filed a supplemental brief on en banc consideration, representing that "[r]ather than continuing this litigation, the President intends in the near future to rescind the Order and replace it with a new, substantially revised Executive Order . . . ." 9th ECF 154, at 4. In response, the Court immediately issued an order staying further en banc proceedings. 9th ECF 161.

Yet on the same day—February 16—President Trump directly contradicted the representations made to this Court. During a news conference, the President informed the nation that he is pursuing his appeal in the Ninth Circuit.[3] He explained that: "We're issuing a new executive action next week that will comprehensively protect our country. So we'll be going along the one path and hopefully winning that, at the same time we will be issuing a new and very comprehensive order to protect our people." *Id.* at note 3.

President Trump's intent to pursue the present litigation—rather than rescind the Order—was confirmed as recently as yesterday. During the White House press briefing, Press Secretary Sean Spicer stated that the President will continue to pursue the case in the Ninth Circuit, rather than withdrawing the Executive Order.

---

[3] Presidential News Conference (Feb. 16, 2017), transcript and video is available at https://www.nytimes.com/2017/02/16/us/politics/donald-trump-press-conference-transcript.html?_r=0.

> **Q:** Sean, thank you very much. . . . I wanted to go back to the executive order on immigration. You've talked about these dual-tracks, where you're going to be doing the new executive order but also continuing to fight that in court. Can you give us a status update on where that legal fight is and what we should see happening?
>
> **MR. SPICER:** So with respect to the executive order, there are several courts that this is being fought in—10 or so—and we continue to deal with that in all of those venues. And then again, I guess, the only way to say this is, then obviously on the dual-track side we have the additional executive order that we've talked about earlier that will come out and further address the problems.
>
> We continue to believe that the issues that we face specifically in the 9th district—9th Circuit, rather, that we will prevail on, on the merits of that. But on the other challenges that have come and the other venues and the others—that we feel equally confident, as we did in Massachusetts and other venues. So it's not a single-track system.
>
> . . .
>
> **Q:** Have you made a decision yet about the Supreme Court taking it there? And then the other question was on the safe zones and the timeline.
>
> **MR. SPICER:** So with respect to the Supreme Court, I mean, we've got to continue to work this through the process. So right now it's at the 9th Circuit. That's the primary problem that we are addressing. And then we don't have any timeline that I can announce today on Syrian safe zones.

White House Press Briefing (Feb. 23, 2017)[4].

Mr. Spicer's comments yesterday were consistent with statements made by the White House throughout this week. On Tuesday, Mr. Spicer explained that the

---

[4] https://www.whitehouse.gov/the-press-office/2017/02/23/press-briefing-press-secretary-sean-spicer-2232017-15.

President has "made very clear" that there will be a "dual-track system" and is "confident that we're still going to prevail on the case—the merits of the case." White House Press Briefing (Feb. 21, 2017).[5] This was repeated during Wednesday's White House press briefing. Mr. Spicer explained that the President is "fighting this on both fronts, making sure that we keep evolving through the court system on the existing EO," while drafting an additional executive order. White House Press Briefing (Feb. 22, 2017).[6]

Notably, the Defendants' Motion to Hold Proceedings in Abeyance does not make any new representations about whether or when the President intends to rescind the Executive Order. Because the White House has repeatedly stated that the Executive Order will not be rescinded, briefing on the merits of the preliminary injunction should proceed. If the Court determines that en banc review of the decision rejecting the motion for stay is appropriate, it will not impact the legal arguments as the challenge to the merits of the preliminary injunction proceeds.

As in the district court, the Defendants' request that the case be stalled indefinitely should be denied. There is no basis for altering the Court of Appeals' briefing schedule.

---

[5] https://www.whitehouse.gov/the-press-office/2017/02/21/press-briefing-press-secretary-sean-spicer-2212017-13.

[6] https://www.whitehouse.gov/the-press-office/2017/02/22/press-briefing-press-secretary-sean-spicer-2222017-14.

## CONCLUSION

The States respectfully request that the motion to hold the proceedings in abeyance be denied.

RESPECTFULLY SUBMITTED this 24th day of February 2017.

ROBERT W. FERGUSON
  *Attorney General*
NOAH G. PURCELL, WSBA 43492
  *Solicitor General*
s/Anne E. Egeler
ANNE E. EGELER, WSBA 20258
  *Deputy Solicitor General*
COLLEEN M. MELODY, WSBA 42275
  *Civil Rights Unit Chief* Washington State
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

LORI SWANSON
  *Attorney General of Minnesota*
ALAN I. GILBERT, MN #0034678
  *Solicitor General*
JACOB CAMPION, MN #0391274
  *Assistant Attorney General*
Office of the Attorney General
445 Minnesota Street, Suite 1100
St. Paul, MN 55101
(651) 757-1450